Filed 6/23/22  P. v. Burrell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM EARL BURRELL, JR.,<br><br>    Defendant and Appellant. | C094533<br><br>(Super. Ct. No. STKCRFDV20170011946) |

Defendant William Earl Burrell, Jr. challenges the trial court's order requiring him to pay $2,000 in restitution to the California Victim Compensation Board (VCB) after he pled no contest to one count of domestic abuse.  Specifically, he contends this order was unauthorized because the prosecution did not submit sufficient evidence that the amount of restitution was verified as a necessary expense.  We conclude the prosecution established the amount of restitution pursuant to the applicable statutory provisions.  Accordingly, we will affirm the restitution order.

1

## I. BACKGROUND

Defendant pled no contest to one count of domestic abuse (Pen. Code, § 273.5) and admitted a prior serious felony conviction.[1]  Based on the negotiated plea, the trial court sentenced him to six years in prison.

Following sentencing, the prosecution sent defendant a notice explaining that the victim had requested $2,902.69 for relocation expenses and the VCB had paid the victim $2,000.  The notice specified that the court was required by section 1202.4, subdivision (f)(4)(A) to "order restitution payable to VCB."  Likewise, the hearing waiver and hearing request forms attached to the notice both indicated that the restitution sought would be paid to the VCB.  The notice also included records certified under penalty of perjury showing that the VCB paid $2,000 to the victim for relocation expenses, based on bills showing apartment rental expenses of $2,902.69.

At the restitution hearing, the prosecution relied on these certified records as supporting the VCB's request for restitution.  Defense counsel did not object to the VCB's decision to pay the victim for relocation expenses.  Instead, defense counsel objected that the trial court could not order restitution because the relocation expenses were not verified by law enforcement or a mental health treatment provider as being necessary for the personal safety or emotional well-being of the victim, as required by section 1202.4, subdivision (f)(3)(I).  The trial court noted the objection, but ordered restitution in the amount of $2,000.

Defendant timely appealed from the restitution order.

## II. DISCUSSION

Defendant contends that the trial court erred by ordering defendant to pay $2,000 to the victim because the prosecution failed to introduce evidence from law enforcement

---

[1] Undesignated statutory references are to the Penal Code.

or a mental health treatment provider that the victim's relocation expenses were necessary for the personal safety or emotional well-being of the victim, as required by section 1202.4, subdivision (f)(3)(I). Defendant's first premise is incorrect. The trial court did not order direct restitution to the victim. Rather, the trial court ordered defendant to pay restitution to the VCB, as required by section 1202.3, subdivision (f)(2) and (f)(4)(A), to reimburse the VCB for having paid the victim's relocation expenses. Considering the applicable statutory provisions, we conclude that defendant has failed to demonstrate error.

Section 1202.4, subdivision (f) mandates, with exceptions not applicable here: "[I]n every [criminal] case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." The statute specifies a non-exclusive list of economic losses for which victims can seek restitution directly from the trial court, including "[e]xpenses incurred by an adult victim in relocating away from the defendant." (§ 1202.4, subd. (f)(3)(I).) When requested directly by the victim, relocation expenses "shall be verified by law enforcement to be necessary for the personal safety of the victim or by a mental health treatment provider to be necessary for the emotional well-being of the victim" before being included in the restitution order. (*Ibid.*)

Rather than applying directly to the sentencing court for restitution, a victim may apply to the VCB to have restitution paid from the Restitution Fund in the State Treasury. (See Gov. Code, §§ 13950-13958.) The VCB is authorized to pay relocation expenses not to exceed $2,000 only if "the expenses are determined by law enforcement to be necessary for the personal safety of the victim or by a mental health treatment provider to be necessary for the emotional well-being of the victim." (Gov. Code, § 13957, subd. (a)(7)(A).) Before approving and paying the victim's application for restitution, the VCB

3

must verify that law enforcement or mental health providers have determined the expenses are necessary.  (Gov. Code, §§ 13954, subd. (a), 13957, subd. (a)(7)(A).)  That verification can be provided to the VCB in any manner the VCB determines, including in writing, by telephone, or by electronic means.  (Cal. Code Regs., tit. 2, § 649.17, subd. (b).)  When the VCB pays victim restitution from the Restitution Fund, the sentencing court must include the amount provided in the restitution order and the defendant must pay the amount to the Restitution Fund, rather than to the victim.  (§ 1202.4, subd. (f)(2); *People v. Giordano* (2007) 42 Cal.4th 644, 654.)

At the restitution hearing, the prosecution must establish the amount of restitution owed to the VCB by providing copies of the bills submitted by the victim and indicating what type of expenses the VCB paid.  (§ 1202.4, subd. (f)(4)(B).)  The statute allows the copies of these bills to be authenticated by the custodian of the records stating, under penalty of perjury, that the bills were submitted to and paid by the VCB.  (*Ibid.*)

Initially, it appears defendant has misunderstood the nature of the restitution order at issue here, as his argument appears to rest on the statutes governing orders to pay direct victim restitution rather than an order to pay restitution to the VCB for amounts already paid to the victim.  The record shows that VCB paid the victim from the Restitution Fund.  The notice to defendant stated repeatedly that the VCB would be collecting the restitution and listed the applicable statutory provision. The supporting records and declarations provided by the VCB all indicate that the VCB paid the victim's relocation expenses.  The amount of restitution ordered—$2,000—also reflects the statutory limit VCB can pay for relocation expenses from the Restitution Fund.  (Gov. Code, § 13957, subd. (a)(7)(A).)  Had the trial court been awarding restitution pursuant to section 1202.4, subdivision (f)(3), it would have been required to consider the victim's full request—$2,902.69—because that provision requires the restitution order to "fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct."  (See § 1202.4, subd. (f)(3).)

4

Because the trial court ordered restitution to the VCB, not directly to the victim, we consider the order under the statutes governing restitution to the VCB. Defendant made no argument in the trial court or on appeal that the VCB improperly paid the relocation expenses or failed to verify the necessity of relocation, so we consider only whether the prosecution's evidence met the statutory standards. The prosecution provided certified copies of bills showing $2,902.69 in relocation expenses (of which the VCB could reimburse a maximum of $2,000) and declarations, under penalty of perjury, that the victim submitted the bills to the VCB and that the VCB paid the victim $2,000. This evidence meets the standards in section 1202.4, subdivision (f)(4)(B), so the trial court was required to include restitution to the VCB in its restitution order.

## III. DISPOSITION

The restitution order is affirmed.

/S/

RENNER, J.

We concur:

/S/

HULL, Acting P. J.

/S/

DUARTE, J.

5